IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. PLIMMER, | No. C 01-3958 SBA (pr) |
| Petitioner, | Related Case No. C 01-3959 SBA (pr) |
| v. | **ORDER DENYING PETITIONERS' REQUESTS FOR A CERTIFICATE OF APPEALABILITY** |
| S. CAMBRA, | |
| Respondent. / | |
| KELLY E. MCLAUGHLIN, | |
| Petitioner, | |
| v. | |
| S. CAMBRA, | |
| Respondent. / | |

This Court entered orders denying the petitions for writ of habeas corpus on the merits and entered judgments in favor of Respondent in each case. Petitioners have filed notices of appeal and requests for a certificate of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). The Court DENIES Petitioners' requests for a certificate of appealability for the reasons set forth below.

## DISCUSSION

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing

required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983).  See Slack, 529 U.S. at 483.  In Barefoot, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original).  Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor.  Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

In their respective petitions, Petitioners both contend that their prosecutions, convictions, and sentences in Sonoma County violated their rights under the Double Jeopardy Clause of the Fifth Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment, because they had already been prosecuted, convicted and sentenced for the same offenses in Humboldt County.

The Court found that the Court of Appeal's determination that: (1) the acts involved in the two prosecutions were different; and (2) the offenses charged in the two prosecutions had different elements was reasonable and was not contrary to, or an unreasonable application of, clearly established federal law.  Accordingly, Petitioners were not granted habeas relief.

The Court denied Petitioners' habeas petitions after careful consideration of the merits. Petitioners have not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Furthermore, Petitioners have not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Accordingly, Petitioners' requests for a certificate of appealability are DENIED.  The Clerk of the Court shall terminate all pending motions and transmit both case files to the Court of Appeals, including copies of: 1) the Notice of Appeal; 2) the Order denying the petition for a writ of habeas

corpus; and 3) this Order.  <u>See</u> Fed. R. App. P. 22(b); <u>United States v. Asrar</u>, 116 F.3d 1268, 1270 (9th Cir. 1997).

      IT IS SO ORDERED.

Dated: August 29, 2005

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California